UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JULIE HUBER | : | CASE NO: |
| c/o Minnillo & Jenkins Co., LPA | : | |
| 2712 Observatory Avenue | : | JUDGE: |
| Cincinnati, Ohio 45208 | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
|   v. | : | |
| | : | |
| VINNAT HOTELS, LLC | : | COMPLAINT |
| d/b/a COMFORT SUITES | : | |
| CINCINNATI AIRPORT | : | |
|  775 Petersburg Road | : | (WITH JURY DEMAND) |
|  Hebron, Kentucky 41048 | : | |
| c/o Rajeev Chopra, Registered Agent | : | |
| 775 Petersburg Road | : | |
| Hebron, Kentucky 41048 | : | |
| | : | |
| And | : | |
| | : | |
| RAJEEV "RICK" CHOPRA, | : | |
| Individually | : | |
| 924 Chancellor Court | : | |
| Florence, Kentucky 41042 | : | |
| | : | |
|    Defendants. | : | |

Now comes plaintiff Julie Huber ("Huber") and for her Complaint against defendants Vinnat Hotels, LLC, d/b/a Comfort Suites Cincinnati Airport, Inc. ("Vinnat"), and Rajeev "Rick" Chopra, Individually ("Rajeev") and states as follows:

I. PRELIMINARY STATEMENT

1. Plaintiff, a non-exempt employee of defendants, brings this action against defendants because she was unlawfully denied overtime pay in violation of the Fair Labor

Standards Act ("Act") for hours worked in the defendants' hotel. Plaintiff is an hourly employee who is entitled to receive overtime pay.

2. Defendants routinely require plaintiff to work in excess of forty (40) hours per week, without paying her the statutorily mandated overtime pay at the rate of one and one-half times her regular hourly rate in violation of 29 U.S.C. § 207 and applicable provisions of title 29 of the Code of Federal Regulations.

3. Upon information and belief beginning in or around approximately 2008 and continuing through the filing of this complaint, defendants knowingly, purposefully, and willfully maintained policies and practices, more fully described herein, which resulted in a failure to pay overtime pay to plaintiff for her work at the hotel located at 775 Petersburg Road, Hebron, Kentucky.

4. Plaintiff seeks overtime pay for the three years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

5. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked to secure protection and to redress violations of the statutes of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

6. The actions complained of by plaintiff occurred within the Northern Division of the Eastern District of Kentucky. Venue with this Court is appropriate.

## III. PARTIES

7. Plaintiff Julie Huber is an adult female citizen of the United States who resides in Boone County, Kentucky. Plaintiff Huber has been employed by defendants as a non-exempt hourly employee from approximately 2008 through present.

8. Defendant Vinnat Hotels, LLC is a for-profit Kentucky Limited Liability Company having filed its Articles of Incorporation on January 19, 2005.

9. Vinnat Hotels, LLC owns and operates a hotel located at 775 Petersburg Road, Hebron, Kentucky where plaintiff is employed. Vinnat Hotels LLC is an employer of plaintiff within the meaning of 29 U.S.C. § 203(d). Vinnat Hotels, LLC is an enterprise within the meaning of 29 U.S.C. § 203(r).

10. Rajeev Chopra is a member and/or owner of Vinnat Hotels, LLC. Mr. Chopra is actively involved in managing and directing operations of Vinnat Hotels and controls the operations of the hotel located at 775 Petersburg Road in Hebron, Kentucky.

11. Mr. Chopra sets the terms and conditions of employment at the hotel, creates schedules for the hotel's employees, sets rates of pay and exercises complete operational control over the hotel.

12. Mr. Chopra is a "person acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, an "employer" within the meaning of 29 U.S.C. § 203(d).

## IV. LR 8.1 STATEMENT OF RESIDENCE

13. The hotel at which plaintiff works is located in Boone County, Kentucky.

14. Rajeev Chopra is a resident of Boone County, Kentucky.

15. Plaintiff is a resident of and works in Boone County, Kentucky.

3

16.     Pursuant to LR 3.1(a)(1)(B), the District Court located in Covington, Kentucky is the appropriate jury division because a substantial part of the events or omissions giving rise to the claim occurred in Boone County, Kentucky.

## V.  STATEMENT OF FACTS

17.     Plaintiff has been employed by defendants at the hotel located at 775 Petersburg Road in Hebron, Kentucky from 2008 to the present.

18.     At all relevant times plaintiff has been paid on an hourly rather than salaried basis as defined in 29 CFR § 541.602.  At all times during her employment with defendants, including as recently as June 2018, plaintiff's pay has been subject to reduction for absences of less than one day.  As a result, plaintiff is not exempt from the overtime pay requirements of the FLSA.  29 CFR § 541.603(a).

19.     At all relevant times, plaintiff has regularly worked six days per week and in excess of 40 hours per workweek.  This practice has continued up to and including the weeks of March 25, 2018, when plaintiff worked 46 hours, and June 17, 2018, when plaintiff worked 47 hours.

20.     Defendants have intentionally attempted to misclassify plaintiff as a "manager" to attempt to avoid paying plaintiff overtime pay in violation of federal law.

21.     In addition to not being paid a salary as provided for in applicable federal regulations, plaintiff does not perform the duties of a manager exempt from the payment of overtime.  Plaintiff does not have the power to hire or fire employees of defendants.  Plaintiff does not set the schedules for any employee of defendants.

22.     Plaintiff's job duties include, but are not limited to, answering telephone calls from guests / prospective guests, checking guests in and out at the front desk, ordering the products she

4

is told to order for the hotel, stocking the product received by the hotel and collecting data for the payroll system.

23. Plaintiff has been denied overtime pay in violation of 29 U.S.C. § 207(a).

### VI. STATEMENT OF THE CLAIMS

### Count One

### Denial of Overtime Pay under the FLSA
### 29 U.S.C. § 207(a)(1)

24. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

25. Defendants' denial of overtime pay for hours worked in excess of 40 hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

26. Plaintiff is entitled to recover from defendants overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning two years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Two

### Willful violation of FLSA, 29 U.S.C. §255(a)

27. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

28. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff is entitled to recover from defendants an appropriate amount for all hours worked, and overtime pay for all hours worked in excess of 40 hours per workweek, during the period beginning three years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney's fees pursuant to 29 U.S.C. § 216(b).

5

**Count Three**

**Retaliation, under the FLSA, 29 U. S. C. §215(a)(3)**

29. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

30. Plaintiff is entitled to appropriate equitable relief pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), including without limitation an order enjoining defendants from retaliating against plaintiff in accordance with applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgement, jointly and severally, against Vinnat Hotels, LLC and Rajeev Chopra, individually, as follows:

1. Judgment against defendants for violating the Fair Labor Standards Act;

2. An Order declaring that the defendants' violations of the Fair Labor Standards Act were willful;

3. An injunction prohibiting defendants from engaging in future overtime violations;

4. An injunction prohibiting defendants from retaliating against plaintiff for the exercise of her rights under the Fair Labor Standards Act;

5. Judgment awarding Plaintiff overtime pay and liquidated damages consistent with the provisions of the Fair Labor Standards Act;

6. Judgment awarding plaintiff her reasonable attorney's fees and costs in this matter; and

7. Judgment awarding plaintiff such other relief in law and equity to which she is entitled under the premises.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**


*s/ Paul J. Minnillo*
Paul J. Minnillo (EDKY Bar No. 95420)
Christian A. Jenkins
(*To seek Admission Pro Hac Vice*)
Robb S. Stokar
(*To seek Admission Pro Hac Vice*)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
pjminnillo@minnillojenkins.com
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com
*Trial Counsel for Plaintiff*



**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in this matter.


*s/ Paul J. Minnillo*
Paul J. Minnillo (EDKY Bar No. 95420)

7