UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JULIE HUBER | : | CASE NO: 2:18-cv-00133-WOB-CJS |
| | : | |
| Plaintiff, | : | JUDGE: William O. Bertelsman |
| | : | |
| v. | : | |
| | : | |
| VINNAT HOTELS, LLC | : | AMENDED COMPLAINT |
| d/b/a COMFORT SUITES | : | |
| CINCINNATI AIRPORT, et. al. | : | |
| | : | (WITH JURY DEMAND) |
| Defendants. | : | |

Now comes plaintiff Julie Huber ("Huber") and for her Amended Complaint against defendants Vinnat Hotels, LLC, d/b/a Comfort Suites Cincinnati Airport, Inc. ("Vinnat"), and Rajeev "Rick" Chopra, Individually ("Rajeev") and states as follows:

**I. PRELIMINARY STATEMENT**

1. Plaintiff files her Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Written consent of the opposing parties to file the Amended Complaint is attached hereto as Exhibit A.

2. Plaintiff was an hourly non-exempt employee of defendants. Plaintiff brings this action against defendants because she was denied overtime pay for hours worked in the defendants' hotel and terminated in retaliation for protected activity, both in violation of the Fair Labor Standards Act ("Act").

3. Defendants routinely required plaintiff to work in excess of 40 hours per workweek without paying her statutorily mandated overtime pay at the rate of one and one-half times her regular hourly rate in violation of 29 U.S.C. § 207 and applicable provisions of title 29 of the Code of Federal Regulations.

4. Plaintiff seeks overtime pay for the three years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, damages incurred as a result of her retaliatory discharge and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

5. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked to secure protection and to redress violations of the statutes of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

6. The actions complained of by plaintiff occurred within the Northern Division of the Eastern District of Kentucky. Venue with this Court is appropriate.

## III. PARTIES

7. Plaintiff Julie Huber is an adult citizen of the United States residing in Boone County, Kentucky. Plaintiff Huber was employed by defendants as a non-exempt hourly employee from approximately 2008 through her termination on or about August 4, 2018.

8. Defendant Vinnat Hotels, LLC is a for-profit Kentucky Limited Liability Company having filed its Articles of Incorporation on January 19, 2005.

9. Vinnat Hotels, LLC owns and operates a hotel located at 775 Petersburg Road, Hebron, Kentucky where plaintiff was employed. Vinnat Hotels, LLC was an employer of plaintiff within the meaning of 29 U.S.C. § 203(d). Vinnat Hotels, LLC is an enterprise within the meaning of 29 U.S.C. § 203(r).

10. Rajeev Chopra is a member and/or owner of Vinnat Hotels, LLC. Mr. Chopra is actively involved in managing and directing operations of Vinnat Hotels and controls the operations of the hotel located at 775 Petersburg Road in Hebron, Kentucky.

11. Mr. Chopra sets the terms and conditions of employment at the hotel, creates schedules for the hotel's employees, sets rates of pay and exercises complete operational control over the hotel.

12. Mr. Chopra is a "person acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, an "employer" within the meaning of 29 U.S.C. § 203(d).

### IV.  LR 8.1 STATEMENT OF RESIDENCE

13. The hotel at which plaintiff formerly worked is located in Boone County, Kentucky.

14. Rajeev Chopra is a resident of Boone County, Kentucky.

15. Plaintiff is a resident of and formerly worked in Boone County, Kentucky.

16. Pursuant to LR 3.1(a)(1)(B), the District Court located in Covington, Kentucky is the appropriate jury division because a substantial part of the events or omissions giving rise to the claim occurred in Boone County, Kentucky.

### V.  STATEMENT OF FACTS

17. Plaintiff was employed by defendants at the hotel located at 775 Petersburg Road in Hebron, Kentucky from 2008 until her employment was terminated on or about August 4, 2018.

18. At all relevant times plaintiff was paid on an hourly rather than salaried basis as defined in 29 CFR § 541.602. At all times during her employment with defendants, plaintiff's pay has been subject to reduction for absences of less than one day. As a result, plaintiff is not exempt from the overtime pay requirements of the FLSA. 29 CFR § 541.603(a).

19. At all relevant times, plaintiff often worked six days per week and in excess of 40 hours per workweek. This practice continued up to and including the workweeks starting on: January 7, 2018 (plaintiff worked 40.5 hours), February 11, 2018 (plaintiff worked 42 hours),

March 4, 2018 (plaintiff worked 46.5 hours), March 25, 2018 (plaintiff worked 46 hours), April 22, 2018 (plaintiff worked 47.5 hours) and June 17, 2018 (plaintiff worked 47 hours).

20. Defendants have intentionally misclassified plaintiff as a "manager" to attempt to avoid paying plaintiff overtime pay in violation of federal law.

21. Defendants have instructed plaintiff not to record all the hours she works, including her time spent each day briefing the employee relieving her from duty on the issues of the day and stocking goods for the hotel after the completion of her regular shift. Defendants were aware of and received the benefits of this work, but did not include such hours in plaintiff's pay.

22. In addition to not being paid a salary as provided for in applicable federal regulations, plaintiff did not perform the duties of a manager exempt from the payment of overtime. Plaintiff did not have the power to hire or fire employees of defendants. Plaintiff did not set the schedules for any employee of defendants.

23. Plaintiff's job duties included, but were not limited to, answering telephone calls from guests / prospective guests, checking guests in and out at the front desk, ordering the products she was told to order for the hotel, stocking the product received by the hotel and collecting data for the payroll system.

24. Plaintiff has been denied overtime pay in violation of 29 U.S.C. § 207(a).

25. On July 25, 2018, plaintiff filed her complaint in this case. (Doc. #1).

26. Defendant Vinnat was served with the complaint and summons on August 1, 2018. (Doc. # 5, PageID #21).

27. On the morning of August 4, 2018, plaintiff was terminated by defendants in retaliation for filing this action.

28. As a direct and proximate result of plaintiff's unlawful termination, she suffered damages including but not limited to emotional distress, embarrassment, lost income and lost career advancement opportunities.

## VI. STATEMENT OF THE CLAIMS

### Count One

### FLSA – Denial of Overtime Pay
### 29 U.S.C. § 207(a)(1)

29. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

30. Defendants' denial of overtime pay for hours worked in excess of 40 hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

31. Plaintiff is entitled to recover from defendants overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning two years prior to the commencement of this action, together with liquidated damages in an equal amount, and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Two

### FLSA – Willful Violation
### 29 U.S.C. §255(a)

32. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

33. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff is entitled to recover from defendants overtime pay for all hours worked in excess of 40 hours per workweek during the period beginning three years prior to the commencement of this action together with liquidated damages in an equal amount and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Three

### FLSA – Retaliation
### 29 U. S. C. §215(a)(3)

34. Plaintiff repeats and reiterates the previous paragraphs as if fully rewritten herein.

35. Plaintiff filed a complaint against defendants and instituted a legal proceeding to assert her rights under the Fair Labor Standards Act.

36. In response to plaintiff's legally protected activity, defendants terminated her employment.

37. Plaintiff's termination violated the protections of the Fair Labor Standards Act, including but not limited to the prohibition against discharge contained in 29 U.S.C. § 215(a)(3).

38. Defendants' retaliatory discharge of plaintiff has proximately caused her harm, including emotional distress, embarrassment, loss of income, loss of reputation, and loss of career advancement opportunities.

39. Plaintiff is entitled to appropriate equitable relief pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), including without limitation an order enjoining defendants from further retaliating against plaintiff in accordance with applicable law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgement, jointly and severally, against Vinnat Hotels, LLC and Rajeev Chopra, individually, as follows:

1. Judgment against defendants for violating the Fair Labor Standards Act;

2. An Order declaring that the defendants' violations of the Fair Labor Standards Act were willful;

3. An injunction prohibiting defendants from engaging in future overtime violations;

    4.       Judgment awarding plaintiff overtime pay and liquidated damages consistent with the provisions of the Fair Labor Standards Act;

    5.       Judgment awarding plaintiff her lost wages resulting from the unlawful termination of her employment and an equal amount in liquidated damages pursuant to the provisions of the Fair Labor Standards Act;

    6.       Judgment awarding plaintiff her reasonable attorney's fees and costs in this matter; and

    7.       Judgment awarding plaintiff such other relief in law and equity to which she is entitled under the premises.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**

*s/ Paul J. Minnillo*
Paul J. Minnillo (EDKY Bar No. 95420)
Christian A. Jenkins
(*To seek Admission Pro Hac Vice*)
Robb S. Stokar
(*To seek Admission Pro Hac Vice*)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
pjminnillo@minnillojenkins.com
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com
*Trial Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*s/ Paul J. Minnillo*
Paul J. Minnillo (EDKY Bar No. 95420)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Courts using the CM/ECF system on November 5, 2018, which will send notification of such filing to all counsel of record.

*/s/ Paul J. Minnillo*
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JULIE HUBER | : | CASE NO: 2:18-cv-00133-WOB-CJS |
| Plaintiff, | : | JUDGE: William O. Bertelsman |
| v. | : | |
| VINNAT HOTELS, LLC d/b/a COMFORT SUITES CINCINNATI AIRPORT, et. al. | : | Fed. R. Civ. P. 15(a)(2) CONSENT TO FILE AMENDED COMPLAINT |
| Defendants. | : | |

I, Travers B. Manley, the undersigned counsel for all defendants in this matter, hereby consent to plaintiff filing her Amended Complaint against all defendants, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Date: 11/5/2018

Respectfully submitted,

Travers B. Manley, Esq.
Dinsmore & Shohl LLP
250 W. Main Street, Suite 1400
Lexington, KY 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
Email: travers.manley@dinsmore.com
*Attorney for Defendants*

EXHIBIT A